UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTRICIA RANDOLPH, <br><br> Plaintiff, <br><br> v. <br><br> COOLSYS LIGHT COMMERCIAL SOLUTIONS, LLC, et al., <br><br> Defendants. | Case No. 26-cv-01143-PCP <br><br> **ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS AND COMPEL ARBITRATION** <br><br> Re: Dkt. Nos. 9, 22 |

Plaintiff Lutricia Randolph filed this class action complaint against defendants Coolsys Light Commercial Solutions, LLC, and Coolsys Commercial & Industrial Solutions, Inc. (together "Coolsys") in Santa Clara County Superior Court. Randolph accuses Coolsys of wage and hour violations during her employment at Coolsys. Coolsys removed the case to federal court, asserting that this Court has subject-matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Dkt. No. 1, at 3. Randolph now moves to remand, arguing that CAFA's amount-in-controversy requirement of $5 million is not satisfied. Dkt. No. 22. Coolsys separately moves to dismiss Randolph's complaint and to compel arbitration. Dkt. No. 9. Because Coolsys's amount-in-controversy estimates are not reasonable, Coolsys has not established that this Court has subject-matter jurisdiction over Randolph's complaint. Accordingly, Randolph's motion to remand is granted and Coolsys's motions to dismiss and compel arbitration are denied without prejudice.

## BACKGROUND

Randolph is a resident of Pittsburg, California, who worked for defendants as an hourly

United States District Court
Northern District of California

paid, nonexempt employee from March 2025 to October 2025.[1] Randolph was a dispatcher at Coolsys's Hayward office, "typically work[ing] ten (10) or more hours per day and five (5) to six (6) days per week." Complaint ¶ 4. Randolph's job was to communicate with HVAC technicians to allocate jobs to serve defendants' commercial customers. Complaint ¶ 4.

Randolph alleges that defendants maintained centralized payroll HR offices in Phoenix, Arizona, or Brea, California, and used the same wage statements for all nonexempt hourly California employees. Complaint ¶ 21. Randolph alleges that she and other class members "were not paid for all hours worked because all hours worked were not recorded." Complaint ¶ 24; *see also id.* ¶ 33. Defendants allegedly had a "policy and/or practice of discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue," resulting in them "work[ing] off-the-clock outside of their scheduled shift times." Complaint ¶ 52. Defendants also allegedly understaffed shifts so that Randolph and other class members could not take meal breaks or had to take them on work premises. Complaint ¶¶ 54, 56. Randolph alleges that defendants deducted meal periods from workers' schedules even when they did not receive that full amount of time. Complaint ¶ 57. Finally, Randolph alleges that defendants required workers to keep their mobile devices on them even outside of work hours so that workers would be able to be contacted outside of work hours. *See, e.g.*, Complaint ¶ 72. As a result of these underlying violations, defendants allegedly failed to maintain accurate and sufficient payroll records and instead miscounted the hours and wages earned by plaintiffs and subclass members. Defendants also allegedly had a practice or policy of "paying departing employees their final wages late or on the next regular pay cycle," in violation of California Labor Code §§ 201, 202, which requires payment within 72 hours of departure. Complaint ¶ 99. Randolph alleges that defendants willfully paid workers their wages late under California Labor Code § 204. Complaint ¶ 107.

Randolph pleads ten violations of California law, including unpaid overtime, minimum

---

[1] Because Coolsys premised its removal on the allegations in Randolph's complaint, the Court accepts those allegations as true for the purposes of Randolph's motion to remand.

wages, meal periods, rest periods, and other wage and payroll violations and seeks to represent a class including "[a]ll persons who worked for Defendants as non-exempt, hourly paid employees in California, at any time from June 25, 2024, until the date of trial," and a subclass of "[a]ll persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint, until the date of trial." Complaint ¶¶ 39, 40.

### LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

CAFA gives federal courts jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

The removing party bears the burden of establishing that CAFA's jurisdictional requirements have been met. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683–685 (9th Cir. 2006); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007). The removing party must file a notice of removal containing a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), which must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *De Vega v. Baxter Healthcare Corp.,* 507 F. Supp. 3d 1214, 1216 (N.D. Cal. 2019) (quoting *Ibarra*, 775 F.3d at 1197).

In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra*, 775 F.3d at 1197. If the complaint does not state the amount in controversy, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). If the amount in controversy alleged by the defendant is contested by the

United States District Court
Northern District of California

United States District Court
Northern District of California

plaintiff or questioned by the court, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 82, 88. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Defendants are allowed to make reasonable assumptions when calculating the amount in controversy. *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022). But "[m]ere speculation and conjecture" are insufficient to establish removal jurisdiction. *Ibarra*, 775 F.3d at 1197; *see also id.* at 1199 ("[A]ssumptions cannot be pulled from thin air but need some reasonable ground underlying them."); *Salazar v. Johnson & Johnson Consumer Inc.*, No. 2:18-CV-05884, 2018 WL 4560683, at *3 (C.D. Cal. Sept. 19, 2018) ("Courts have routinely remanded cases where amount in controversy calculations rely on speculative assumptions unsupported by evidence."); *Contreras v. J.R. Simplot Co.*, No. 2:17-CV-00585, 2017 WL 4457228, at *2 (E.D. Cal. Oct. 6, 2017) ("When the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable, and not constitute mere speculation and conjecture."). The removing party's assumptions can "be founded on the allegations of the complaint and do not necessarily need to be supported by evidence." *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) (cleaned up).

## ANALYSIS

**I.     Coolsys has not established that this Court has jurisdiction under CAFA.**

Coolsys estimates that the amount in controversy for plaintiffs' claim for "waiting time penalties"—i.e., defendants' alleged failure to pay all wages due upon termination of employment—is at least $2,547,640.80. Dkt. No. 1, Notice of Removal at 9–10. Coolsys also estimates that the amount in controversy for plaintiff's paystub claim—i.e., defendants' alleged failure to provide accurate itemized wage statements—is at least $2,000,000.00. Notice of Removal at 10–11. And assuming that an award of attorneys' fees on these two claims would

4

amount to 25 percent of the first two amounts, Coolsys includes an additional $1,136,910.20 in attorneys' fees in the amount in controversy. Notice of Removal at 11–12.

Defendants' estimates are unreasonable. First, defendants estimate the amount in controversy on Randolph's waiting time claim by defining the relevant class period as "the period of December 31, 2021 to December 31, 2025," in which "331 putative class members separated from employment" with defendants in California. Notice of Removal ¶ 26. Using the average rate of pay of those putative class members, $32.07, defendants calculate that if each were entitled to statutory wages for 30 days (the statutory maximum period under California Labor Code § 203), the amount in controversy is $2,547,640.80 ($32.07 per hour * 8 hours * 30 days * 331 putative class members). Notice of Removal ¶ 27.

The problem with this estimate is that defendants' chosen period does not track plaintiffs' proposed class, which consists of "[a]ll persons who worked for [d]efendants as non-exempt, hourly paid employees in California, at any time from *June 25, 2024*, until the date of trial." Complaint ¶ 39 (emphasis added). Defendants assert that because plaintiffs reserve the right to amend the class definition, "the current Class definition [is] meaningless." Notice of Removal 6 n.2. But Randolph's reservation of her right to amend her pleadings is irrelevant: Plaintiffs seeking to represent a class may define the class they will seek to represent, and the existence of CAFA jurisdiction must be determined on the basis of the allegations in the complaint, including its class allegations. *See Ibarra*, 775 F.3d at 1197.[2] Here, plaintiffs have defined the class to begin on June 25, 2024, and the Court's calculation of the amount-in-controversy must reflect that proposed class.[3]

_____

[2] Coolsys cites *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), in contending that the Court must disregard plaintiffs' class definition, but that case addressed only a putative class representative's inability to stipulate to a cap on the total class recovery prior to class certification, at which point the putative class representative "'cannot yet bind the absent class.'" *Id.* at 929 (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013)). While a putative class representative cannot bind absent class members, she may choose what class she will seek to represent in a particular case.

[3] The definition of the class is not arbitrary. Instead, it prevents any overlap between the proposed class in this case and the settlement class certified in a separate Alameda County Superior Court matter, which runs through June 24, 2024. While defendants erroneously assert that the settlement class period in that case actually runs through January 16, 2026, their argument is contrary to the

Applying this class definition instead of defendants' faulty definition, the record before the Court is inadequate to satisfy defendants' burden to establish CAFA jurisdiction. Using a class period of 555 days (June 25, 2024 through December 31, 2025) instead of 1,462 days (December 31, 2021 through December 31, 2025), and assuming Coolsys employees separated from employment at nearly uniform rates throughout the class period, the evidence suggests that the amount-in-controversy on Randolph's waiting time claim is closer to only $967,127.66 (37.96% of defendants' $2,547,640.80 estimate for the longer period). And given that defendants estimated the amount-in-controversy as $5,684,551 in their notice of removal, reducing the value of the waiting time claim by more than $1,500,000 is on its own sufficient to bring the amount below the jurisdiction threshold. Applying the same correction to defendants' calculation of the amount in controversy on Randolph's paystub claim reduces that amount from $2,000,000 to $759,233.93, further lowering the total amount by more than $1,200,000.

Nor does the evidence provide any reason for the Court to conclude that the amount in controversy nonetheless exceeds $5,000,000. Defendants argue that the recovery period should extend forward through the date of trial but that requires the Court to assume that defendants' violations are ongoing and will continue through trial in the absence of any argument as to why such an assumption is appropriate. Similarly, although defendants contend that the requested injunctive relief has monetary value, they have not provided any basis for the Court to estimate the value of such relief. And defendants' attorneys' fees estimates are both based on their flawed calculation of the amount in controversy on the waiting time and paystub claims and improperly rely upon a common-fund theory of fees recovery in a case involving fee-shifting claims. *See Lopez v. Advanced Drainage Systems, Inc.*, 777 F. Supp. 3d 1100, 1109–10 (N.D. Cal. 2025).

For these reasons, defendants have not satisfied their burden to establish that the amount in controversy here exceeds $5,000,000. Randolph's motion to remand is therefore granted.

## II.    Defendants' request for judicial notice is granted.

Defendants request that the Court take judicial notice of four filings involving a class

clear language of the settlement.

action settlement: a class action complaint in Alameda Superior Court, a class action settlement agreement, a court order granting final approval of a class action settlement, and a supplemental declaration about the notice and settlement administration. Dkt. No. 11, at 2–3.

Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may take notice of "*undisputed* matters of public record," but not of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Thus, "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion." *Id.* (cleaned up).

The Court takes judicial notice of defendants' requested documents because they are publicly available from a source whose accuracy cannot reasonably be questioned and its contents can be accurately determined. The Court will take notice of the existence and contents of these documents cannot draw other conclusions or inferences.

## CONCLUSION

For the above reasons, the Court grants Randolph's motion to remand and remands this case to Santa Clara County Superior Court. Coolsys's motion to dismiss and compel arbitration is denied without prejudice for lack of jurisdiction. Coolsys's request for judicial notice is granted.

**IT IS SO ORDERED.**

Dated: July 10, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California